Dunkin, Ch.
dissenting.
Mr. Justice Blackstone intimates that an inquiry into the orign of the trial by jury is comparatively unimportant, and that it is a fruitless waste of time to bestow encomiums on it; that its highest encomium will arise from a dissection and examination of the method of trial by jury in all its parts, and that upon maintaining this in its legal force •depends the property, liberty and life, of the citizens. 3d Bl. Com. 350.
The right of challenge and the mode in which it shall be exercised is considered and explained by him as a principal and most important element in the constitution of the jury — challenge is to the array or to the polls. The grounds of each, as well established, are then discussed, and the commentator concludes his observations in relation to the subject of challenge by admiring “ how scrupulously delicate and impartially just, the law approves itself in the constitution and frame of a tribunal thus excellently contrived for the test and investigation of truth ; which appears most remarkably, says he; 1st. In the avoiding fraud and secret management by electing the. twelve jurors out of the pan-nel by lot; 2d. In its caution against all partiality and-bias, by quashing the whole pannel or array if the returning officer is suspected of being other than indifferent, and repelling particular jurors if probable cause be shown of malice or favor to either party.”
Such was the law of England, and such the law and usage of South Carolina at the period of the adoption of the constitution of 1790.
The 9th article of the constitution is termed a declara *501 tion of rights, and is a restriction on the legislative as well as judicial authority. By the 6th section, it is declared that “the trial by jury, as heretofore used in this State, and the liberty of therpress, shall be forever inviolably preserved.” The name of trial by jury was nothing, but the mode of ■constituting the.tribunal was of fundamental importance.
The Act of 1841 affirms the right of the Legislature to alter and regulate the mode of challenge, both in civil and criminal cases. The power is thereby exercised of purging the panel by a new method unknown to the law, and not sanctioned by any usage in existence at the adoption of the Constitution. It is urged that the declared object of the Act is to enlarge the right of challenge, and thereby extend the liberty of the citizen. Our ancestors thought that for the purpose of testing and investigating the truth, which is the great object in civil cases, the existing usage was admirably contrived, and they did not wish it to be altered. But if the Legislature may regulate the right of challenge, they may restrict as well as^nlarge it, and in criminal as well as in civil causes — in suits between man and man for the right of property, and in prosecutions between the State and the citizen, where life and liberty are also at stake. The Legislature have the authority to define and punish treason. Cap they by the same law provide the mode in which the jury shall be constituted who are to pass on the offence? that the right of peremptory challenge in such case shall not be allowed to the accused? — and more, that the Attorney General (contrary to all precedent,) shall have the right of peremptory ■challenge? or that no person shall sit on the jury, known to entertain opinions inconsistent with the safety of the State— that is, with the views of the dominant party ? It may be said that no such abuse of power on the part of the Legislature can be apprehended, and I readily concede it. But the object of the Constitution was, to protect the minority, and for that purpose, to keep the majority from temptation.
Treason against the United States is defined by the Federal Constitution, and Congress is authorized to declare the punishment of treason. But it is also provided that the trial *502 of all crimes, except in cases of impeachment, shall be by jury. By the Act of 1789, Congress has prescribed the mode in which jurors shall be drawn, summoned and impanneled r-would it be in the power of Congress to regulate the right of challenge? Where would be the security of the citizen? What would be-the value of the trial by jury if the law creating the offence may also provide the mode in which the jury shall be constituted, and thus introduce a most odious mode of packing juries, a practice so justly denounced ?
In adverting to the history of the legislation on this subject, prior to the adoption of the Constitution, several Acts were brought to the notice of the Court, in which scrupulous provision was made for the preservation of the right of challenge, as it was exercised by existing laws and usages. For more than fifty years after the adoption of the Constitution no attempt was made by the Legislature to change in any manner the right of challenge to the Array or to the Poll, according to the usage of the country at the adoption of the Constitution. The change recently introduced may or may not be beneficial. About this, a difference of opinion exists-.1among those who are charged with administering the law. Expediency is not the test. But the precedent is dangerous. The power thus assumed may, in other times, render valueless the inhibition of the Constitution, and when bad men rule, convert into a solemn mockery the boasted injunction that “ the trial by jury, as heretofore used, and the liberty of the press, should forever hereafter be inviolably preserved.”
O’Neall, J. and Frost, J. concurred.